[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendant's motion to dismiss for lack of subject matter jurisdiction.
Before the court may decide the present motion, further information must be presented to the court. The court should hold a hearing to resolve certain factual issues before deciding the motion to dismiss.
FACTS
The plaintiff, Agis, Inc., has filed a five count revised complaint against the defendant, Connecticut Community Care, Inc., based on the defendants failure to adhere to the terms of a written agreement between the parties. According to the complaint, pursuant to the parties' agreement, the plaintiff provided at home companion care at the direction and request of the defendant. The plaintiff alleges that despite payments made over the course of the last two years, the defendant still owes the plaintiff $194,074.20 for these services. The plaintiff further alleges that the defendant interfered with the plaintiff's ongoing business relationship with Connecticut National Bank.
On September 8, 1992, the defendant filed a motion to dismiss on the ground that since the plaintiff failed to exhaust its administrative remedies, the court lacks subject matter jurisdiction. The defendant filed an accompanying memorandum of law in support of its motion. The plaintiff has filed a memorandum in opposition to the defendant's motion.
DISCUSSION CT Page 11680
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). The grounds which may be asserted in the motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process. Id. "[T]he failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction" Hyatt v. City of Milford, 26 Conn. App. 194, 197,600 A.2d 5 (1991), cert. granted 221 Conn. 905, ___ A.2d ___ (1992). The court must therefore decide, as a threshold matter, whether that doctrine requires dismissal of the plaintiff's claim. Housing Authority v. Papandrea, 222 Conn. 414,420 ___ A.2d ___ (1992). (Citations omitted.)
According to the defendant, it operates as a fiscal intermediary for certain programs reimbursed through Connecticut Department of Income Maintenance and Department of Aging Programs. In support thereof, the defendant cites17-134d-41(a)(3) of the Regulations of Connecticut State Agencies, which provides:
 (3) Coordination, assessment and monitoring (CAM) agency means an agency:
 (A) licenses as such by the Department of Health Services (DOHS) pursuant to Reg. Ct. St. Ag. 19-13-D93 through 19-13-D104 if a license is required; or
 (B) meets all state licensure requirements if a license is not required; and
 (C) has an agreement with the department of Income Maintenance to conduct CAM functions on behalf of the Department.
The defendant further argues that the Provider Service Agreement between the plaintiff as the provider and the defendant as fiscal intermediary, attached as an exhibit to its motion, provides a mechanism for resolving disputes prior to an action being filed in court. Specifically, the defendant refers to section 28 of the agreement, which provides: CT Page 11681
28. Right of Appeals
 The Provider may appeal any decision which adversely affects him if the Provider feels the decision is the result of a procedural or factual error. Appeals will be initiated by the Provider in writing to the attention of the President of C.C.C.I. Appeals will be reviewed within twenty-one (21) days of the date they are received by C.C.C.I.
 A written record will be made of any appeal which is submitted in writing or which cannot be settled informally to the satisfaction of all parties.
 The Provider may file an appeal to the appropriate state agency for reconsideration if the resolution is still in question.
According to the defendant, this provision provides for an appeal procedure which must be followed by the plaintiff. The plaintiff argues in response that since section 28 states that the provider may appeal any decision this provision is consensual rather than mandatory.
Before the court can make the determination regarding whether or not the plaintiff has exhausted its administrative remedies, further information must be presented to the court. The Provider Service Agreement is signed only by the plaintiff and the defendant. There is no indication that the State of Connecticut has agreed to this contract or that this is a state approved form. Assuming that it is an approved contract, neither party has provided any authority, either statutory or by way of State regulation, indicating that the appropriate state agency will hear an appeal as provided for in section 28. Furthermore, the contract provides that the Provider may appeal any decision if it "feels the decision is the result of a procedural or factual error." In the present case, the court does not have before it any information regarding whether the decision was the result of a procedural or factual error. The only facts before the court are the allegations contained in the complaint regarding the defendant's failure to pay approximately $194,000 to the plaintiff and the defendant's alleged interference with the plaintiff's relationship with Connecticut CT Page 11682 National Bank.
Without the foregoing information, the court is not in a position to determine whether the plaintiff has exhausted its administrative remedies. The court should conduct an evidentiary hearing to resolve the above issues before ruling on the present motion to dismiss.
Dunn, J.